UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| TABITHA EUBANKS,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE MANAGEMENT, INC. a foreign corporation, and YASHU ANAND, individually,<br><br>    Defendants. | CIVIL ACTION NO.  5:19-cv-186-TBR<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Tabitha Eubanks ("Plaintiff") brings this action for unpaid compensation, unpaid overtime, "on call" compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 206.

2.    The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.    Section 6 of the FLSA requires payment of at least the minimum wage to employees.

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendants in this case, Mortgage Management, Inc., and Yashu Anand violated the FLSA by failing to pay Plaintiff at least the minimum wage in one or more workweeks during her employment.

**PARTIES**

7. Country Hearth Inn & Suites owned and operated by Mortgage Management, Inc., is a motel with multiple locations.

8. Defendant Yashu Anand is a Manager of the entity. At all times material hereto, Defendant Yashu Anand regularly exercised the authority to: (a) hire and fire employees of Mortgage Management, Inc; (b) determine the work schedules for the employees of Mortgage Management, Inc; and (c) control the finances and operations of Mortgage Management, Inc.

9. Defendants employed Plaintiff from May 12, 2018 until May 6, 2019.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the Western District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants conduct business in this District. In particular, Defendants' own and operate the business known as Country Hearth Inn & Suites, located at 727 Joe Clifton Dr., Paducah, KY 42001, where Defendants employed Plaintiff.

## COVERAGE

12. At all material times during the last year, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last year, Defendants were an employer as defined by 29 U.S.C. § 203(d).

14. At all material times during the last year, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all material times during the last year, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

16. Defendants have a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of at least minimum wage for all hours worked in a workweek.

17. Plaintiff was hired as a Housekeeper in May 2018 at an hourly rate of $8.40. In her position as Housekeeper, Plaintiff reported directly to the hotel Manager.

18. Plaintiff originally began working at or around 9:00 a.m. and ending at approximately 5:00 p.m. Monday through Friday. Eventually, Plaintiff changed shifts and began working Monday, Wednesday and Friday from 10:30 a.m. until 5:00 p.m.

19. Plaintiff was routinely "on call" from the end of her shift to the beginning of her shift the following morning. During time "on call," Plaintiff routinely works an average of six hours.

20. In her position as Housekeeper, Plaintiff's job duties include cleaning the rooms of the motel.

21. While on-call, Plaintiff would assist motel guests by checking them into their rooms, letting guests into their rooms when they forgot or misplaced their keys, and retrieving towels and linens for guests.

22. Plaintiff was not exempt from minimum wage.

23. Defendants failed to record all of the hours worked by Plaintiff.

24. Upon information and belief, Defendants had/have a company-wide policy of failing to pay certain employees for all of the hours worked in a workweek.

25. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and "on call" compensation with respect to Plaintiff and those similarly situated to her.

26. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

27. Defendants have acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

## COUNT I – PAYMENT OF MINIMUM WAGE

28. Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

29. Defendants failed to pay Plaintiff for all hours actually worked during each workweek she was employed by Defendants.

30. Defendants' failure to pay Plaintiff for all hours actually worked and Defendants' unlawful deductions resulted in Defendants failing to pay Plaintiff at the required minimum wage rate each workweek, in violation of the FLSA.

31. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff the required minimum wage, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

   a) The payment for all hours worked at Plaintiff's regular rate of pay for the hours worked by her for which Defendants did not properly compensate her;

   b) Liquidated damages;

   c) Reasonable attorneys' fees and costs incurred in this action;

   d) Pre- and post-judgment interest as provided by law;

   e) Trial by jury on all issues so triable;

    f) Any and all further relief that this Court determines to be appropriate.

Dated: November 27, 2019        Respectfully submitted,

*s/Adrian Mendiondo*
Adrian Mendiondo
Morgan & Morgan, P.A.
333 W. Vine St., Suite 1200
Lexington, KY 40507
Tel: (859) 469-7954
Fax: (859) 899-9765
Email: AMendiondo@forthepeople.com
*Counsel for Plaintiff*